Case 2:18-cv-03249-ADS-ARL   Document 27   Filed 01/18/19   Page 1 of 5 PageID #: 95

# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

January 18, 2019

*Via ECF*

Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*LIN et al. v LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix et al., 18-cv-03249*

Dear Judge Spatt:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

I.   **Background**

Plaintiff JING LIN has asserted she was employed by Defendants LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix; and GRAND THE ONE SUSHI, INC. d/b/a The One; GRAND SAGA RESTAURANT, INC. d/b/a Xaga at Hewlett and ; XAGA SUSHI RESTAURANT, INC. d/b/a Xaga at Merrick; FHOO ASIAN RESTAURANT LLC d/b/a Fhoo Sushi; and ELEMENT RESTAURANT, INC d/b/a Fyre SushiMEI YU ZHANG, QI LIN, HUI LIN, JASON CHEN, YOU LIN, and JINRONG LIN, (collectively, "Defendants"),

This lawsuit was originally filed on June 04, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, including unpaid wages, (2) unpaid overtime wages, (3) the portion of the improperly contaminated tip pool rightfully due to Plaintiff, (4) liquidated damages, (5) prejudgment and post-judgement interest; and or (6) attorney's fees and cost. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand

Hon. Arthur D. Spatt
Page 2

dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) the portion of the improperly contaminated tip pool rightfully due to Plaintiff, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.     The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Twenty-Five Thousand Dollars ($25,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A.  Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of her employment, the nature of her work, the hours she worked, and the pay she received as compensation.

Hon. Arthur D. Spatt
Page 3

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff JING LIN claimed that she worked approximately forty-four (44.1875) hours on average each week from January 01, 2017 to January 10, 2018; and she was paid Seven Dollars And Fifty Cents ($7.50) per hour for thirty eight and a half (38.5) hours only from January 01, 2017 to January 10, 2018.

Plaintiff JING LIN's unpaid wage, overtime compensation, and unlawful tip retention shortfall without liquidated damages under the FLSA was Six Thousand Two Hundred Thirty-Four Dollars And Twenty-Nine Cents ($6,234.29) and her minimum wage, overtime compensation, spread-of-hour, and unlawful tip retention shortfall under the NYLL was Thirteen Thousand Five Hundred Seventy-Seven Dollars And Eight Cents ($13,577.08). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Six Hundred Sixty-Five Dollars And Six Cents ($1,665.06) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Thirty-Eight Thousand Eight Hundred Nineteen Dollars And Twenty-Three Cents ($38,819.23).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Twenty-Five Thousand Dollars ($25,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants vigorously deny that Plaintiff is entitled to any additional compensation. Defendants have asserted that they maintained pay and time records for Plaintiff which demonstrated that Plaintiff was paid minimum wage, overtime for hours worked over forty hours in a week, and was also paid spread of hours pay. Defendants also assert that Plaintiff was paid for all hours worked which were maintained and kept track by a time clock. Defendants acknowledge that Plaintiff was not paid for break times but Defendants assert that such breaks were bona fide breaks and non-compensable. Defendants also assert that there it did not withhold or retain tips and Plaintiff was paid for all tips received. Moreover, Defendants maintained records which accurately reflected Plaintiff's tips. Defendants also vigorously deny that it failed to provide Plaintiff with a Wage Theft Prevention Act Notice and/or with paystubs in violation of the New York Labor Law and such documents were produced to Plaintiff's counsel during the litigation. In short, Defendants do not believe they have violated the Labor Law and/or FLSA in any

Hon. Arthur D. Spatt
Page 4

manner. However, given the uncertainly of litigation the likelihood that some issues may have to be resolved by a jury, and the reality that the cost of litigating this matter may very likely exceed the settlement herein, Defendants have agreed to the settlement pursuant to the terms above.

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Twenty-Five Thousand Dollars ($25,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Two Thousand Two Hundred Five Dollars And Fifty Cents ($2,205.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Two Thousand Seven Hundred Ninety-Four Dollars And Fifty Cents ($22,794.50).

Of the Net Settlement Amount, One Third (1/3), or Seven Thousand Five Hundred Ninety-Eight Dollars And Seventeen Cents ($7,598.17), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Two Thousand Two Hundred Five Dollars And Fifty Cents ($2,205.50) for a total of Nine Thousand Eight Hundred Three Dollars And Sixty-Seven Cents ($9,803.67). Of the Net Settlement Amount, Two Thirds (2/3), or Fifteen Thousand One Hundred Ninety-Six Dollars And Thirty-Three Cents ($15,196.33) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Hon. Arthur D. Spatt
Page 5

Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Plaintiffs*

/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel.: 718 762 1324

**Franklin, Gringer & Cohen, P.C.**
*Attorneys for Defendants*

Joshua Marcus, Esq.
666 Old Country Road, Suite 202
Garden City, NY 11530
Tel: 5162283131