F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  FEB 26 2019  ★ 

LONG ISLAND OFFICE

## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) JING LIN (hereinafter "Plaintiff") (ii) LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Hibachi; GRAND SAGA RESTAURANT, INC. d/b/a Xaga at Hewlett; XAGA SUSHI RESTAURANT, INC. d/b/a Xaga at Merrick; FHOO ASIAN RESTAURANT LLC d/b/a Fhoo Sushi Asian Bistro; ELEMENT RESTAURANT, INC d/b/a Fyre Sushi Hbiachi Lounge; MEI YU ZHANG, QI LIN, JASON CHEN, YOU LIN, and JINRONG LIN and said company's successors, predecessors, parents, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors, administrators, successors, assigns, and attorneys (herein collectively referred to as "Defendants", on the one hand), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS,** Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS,** on June 04, 2018, JING LIN, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 18-cv-03249 (the "Complaint"); and

**WHEREAS,** Defendants deny all claims in Plaintiff's Complaint;

**WHEREAS,** the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS,** the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS,** Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by her counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS,** Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Joshua Marcus, Esq., Franklin, Gringer & Cohen, P.C., 666 Old Country Road, Suite 202, Tel: 5162283131, Email: jmarcus@franklingringer.com and

**WHEREAS,** Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS,** Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS,** Plaintiff acknowledges that she has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that she understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

### 1. Settlement Amount

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims only against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Twenty-Five Thousand Dollars ($25,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Two Thousand Two Hundred Five Dollars And Fifty Cents ($2,205.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Two Thousand Seven Hundred Ninety-Four Dollars And Fifty Cents ($22,794.50).

Of the Net Settlement Amount, One Third (1/3), or Seven Thousand Five Hundred Ninety-Eight Dollars And Seventeen Cents($7,598.17), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Two Thousand Two Hundred Five Dollars And Fifty Cents ($2,205.50) for a total of Nine Thousand Eight Hundred Three Dollars And Sixty-Seven Cents ($9,803.67). Of the Net Settlement Amount, Two Thirds (2/3), or Fifteen Thousand One Hundred Ninety-Six Dollars And Thirty-Three Cents ($15,196.33) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

### 2. Settlement Payment Schedule

The Settlement shall be payable on a schedule as set forth as follows:

i) Installment 1 of 3: Fifteen Thousand Dollars ($15,000.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 1 month of judicial approval of this settlement agreement and consist of three (3) checks:

> 01) A check made payable to "Troy Law, PLLC" in the amount of Two Thousand Two Hundred Five Dollars And Fifty Cents ($2,205.50) and memo noting "LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Settlement Pay 1 of 3" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;

> 02) A check of Four Thousand Two Hundred Sixty-Four Dollars And Eighty-Three Cents ($4,264.83), made payable to "Troy Law, PLLC" and memo noting "LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Settlement Pay 1 of 3";

        03) A check of Eight Thousand Five Hundred Twenty-Nine Dollars And Sixty-Seven Cents ($8,529.67), made payable to "JING LIN" and memo noting "LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Settlement Pay 1 of 3";

   ii) Installment 2 of 3: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 2 months of judicial approval of this settlement agreement and consist of two (2) checks:

        01) A check of One Thousand Six Hundred Sixty-Six Dollars And Sixty-Seven Cents ($1,666.67), made payable to "Troy Law, PLLC" and memo noting "LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Settlement Pay 2 of 3";

        02) A check of Three Thousand Three Hundred Thirty-Three Dollars And Thirty-Three Cents ($3,333.33), made payable to "JING LIN" and memo noting "LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Settlement Pay 2 of 3";

   iii) Installment 3 of 3: Five Thousand Dollars ($5,000.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 3 months of judicial approval of this settlement agreement and consist of two (2) checks:

        01) A check of One Thousand Six Hundred Sixty-Six Dollars And Sixty-Seven Cents ($1,666.67), made payable to "Troy Law, PLLC" and memo noting "LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Settlement Pay 3 of 3";

        02) A check of Three Thousand Three Hundred Thirty-Three Dollars And Thirty-Three Cents ($3,333.33), made payable to "JING LIN" and memo noting "LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix Settlement Pay 3 of 3".

    As a condition of payment in Paragraph 2 herein, Plaintiff shall provide Defendants with an executed W-9 and Plaintiff's counsel shall provide Defendants with an executed W-9 prior to Court Approval of the Settlement.

### 3. Missed/ Late Payment

a) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for payment, including being not signed or being made to the incorrect payee, provided Plaintiff's counsel has provided Defendants' counsel written notice of such late and/or insufficient payment and Defendants have been given five (5) business days to cure such breach, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to

whatever service charge that are incurred as a result of the bounced check and this charge will be paid with the new payment.

b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment provided Defendants have failed to cure such breach as set forth in section (a) above. This fee will be due alongside the late or non-depositable payment.

c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

### 4. Attorneys' Fees in the Event of Default

a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

### 5. Acceleration of Settlement Sum Upon Default

a) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

### 6. Tax

a) Plaintiff agrees to indemnify and hold Defendants harmless for any and all employee portion of any Federal, State and local taxes, interest and penalties that are due, may become due or are otherwise assessed against Plaintiff, or Defendant at any time. Defendants shall be liable for any employer portion of any Federal, State and local taxes, interest and penalties that are due, may become due or are otherwise assessed against Plaintiff, or Defendant at any time.

b) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 7. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of her children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) MEI YU ZHANG, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) QI LIN, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) JASON CHEN, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iv) YOU LIN, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (v) JINRONG LIN, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns;

(vi) LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (vii) GRAND SAGA RESTAURANT, INC. d/b/a Xaga at Hewlett and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (viii) XAGA SUSHI RESTAURANT, INC. d/b/a Xaga at Merrick and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ix) FHOO ASIAN RESTAURANT LLC d/b/a Fhoo Sushi and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (x) ELEMENT RESTAURANT, INC d/b/a Fyre Sushi and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims alleged in the Complaint, including all claims pursuant to the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. and the New York Labor Law section 190 et seq. as well as section 650 et seq., including Part 146, of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) for alleged unpaid overtime pay, minimum wages, spread of hours compensation, improper retention of tips, failure to provide meal periods, failure to reimburse out-of-pocket expenses, failure to provide wage notices, record keeping, and failure to provide wage statements arising from the beginning of the world to the day and date Plaintiff signs this Agreement up to and including the date of the complete execution of this Agreement **ONLY**, including compensatory damages, liquidated damages, punitive damages, penalties, and prejudgment interest pertaining to Plaintiff's employment with Defendants as specified in the Complaint. Plaintiff understands that she is waiving any claims she has brought or could have brought against Defendants pursuant to the Fair Labor Standards Act and/or the New York Labor Law during the course of this litigation. This release does not include a release of any rights Plaintiff's may have under this Agreement.

Nothing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency. However, in the event a claim is brought on Plaintiff's behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiff in Paragraph 1 herein, she is waiving her right to recover money or other relief in such action.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 8. Discontinuance of Claims

Plaintiff acknowledges and agrees that she is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or her representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in the Complaint.

### 9. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 10. Plaintiff's Affirmations.

Plaintiff admits and affirms that she has had an opportunity to consult her attorney about whether this settlement is reasonable and fully satisfies her claims against Defendants; and this Agreement has been entered into after settlement negotiations during which Plaintiff was represented by counsel and Plaintiff and/or Plaintiff's counsel had an opportunity to review Defendants' records to determine whether such settlement is fair and/or reasonable.

Plaintiff affirms her understanding that the statute of limitations for any claim she might possess, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement. Plaintiff affirms she has entered into this Agreement under her own free will and volition upon consultation with her attorney. Plaintiff affirms she has had this Settlement Agreement read to her by Plaintiff's counsel and/or an employee thereof in his native language.

### 11. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action

arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Eastern District of New York, with the prevailing party being awarded reasonable attorneys' fees and costs.

### 12. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 13. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 14. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 15. Legal Counsel

Plaintiff is hereby advised of her right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that she is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 16. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

### CERTIFICATE OF TRANSLATION (for Plaintiff)

I, _Tiffany Troy_, certify that I am fluent in both Chinese (Mandarin) and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Chinese (Mandarin) for Plaintiff(s) JING LIN. After the translation, I

asked if she understood the contents of the Settlement Agreement which she is signing and the Joint Fairness Letter Motion which explains the Parties believe the Settlement is fair, and which I have translated, and she answered in the affirmative. She has signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

_____
Translator Signature

**PLAINTIFF**

JING LIN

_____
Dated:

**DEFENDANTS**

MEI YU ZHANG

_Mei Yu Zhang_
Dated:

QI LIN

_____
Dated:

JASON CHEN

_Jason Chen_
Dated: 1/16/19

YOU LIN

_You Lin_
Dated:

JINRONG LIN

_Jinrong Lin_
Dated:

LUMIX HIBACHI RESTAURANT, INC. d/b/a Lumix

_____
Name: Xue Yong Chen
Title: manager
Dated: 1/17/19

GRAND SAGA RESTAURANT, INC. d/b/a Xaga at Hewlett

*[signature]*

Name: Xue Yong Chen
Title: Manager
Dated: 1/17/19

XAGA SUSHI RESTAURANT, INC. d/b/a Xaga at Merrick

*[signature]*

Name: Xue Yong Chen
Title: Manager
Dated: 1/17/19

FHOO ASIAN RESTAURANT LLC d/b/a Fhoo Sushi

*[signature]*

Name: Xue Yong Chen
Title: Manager
Dated: 1/17/19

ELEMENT RESTAURANT, INC d/b/a Fyre Sushi

*[signature]*

Name: Xue Yong Chen
Title: Manager
Dated: 1/17/19

Settlement approved

/s/ Arthur D. Spatt
USDJ                                2/26/19